Marc D. Fink (MN Bar No. 343407)
Center for Biological Diversity
209 East 7th Street
Duluth, Minnesota 55805
Phone: 218-464-0539
Email: mfink@biologicaldiversity.org
*Applicant Pro Hac Vice*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### TUCSON DIVISION

| | |
|---|---|
| Center for Biological Diversity, | Case No.: |
| Plaintiff, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| vs. | |
| United States Forest Service, | |
| Defendant | |

## INTRODUCTION

1.     In this action, the Center for Biological Diversity ("the Center") challenges the ongoing failure of the U.S. Forest Service ("Forest Service") to timely provide requested records concerning the agency's "Four Forests Restoration Initiative" ("4FRI") on four national forests in Arizona, in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, ("FOIA"), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 1

2.      The Center submitted a FOIA request to the Forest Service on March 14, 2018, seeking records related to 4FRI, including the proposed Rim Country project on the Coconino, Apache-Sitgreaves, and Tonto National Forests.  As of the date of this filing, the Forest Service has not provided a determination or any records responsive to the Center's request.

3.      The Center seeks declaratory relief that the Forest Service has violated and remains in violation of FOIA, or alternatively, the APA.  The Center also seeks injunctive relief ordering the Forest Service to promptly conduct a search for responsive records and provide the Center with all responsive records without any further delay.

**JURISDICTION**

4.      This Court has jurisdiction over this matter pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B); the APA, 5 U.S.C. § 702; 28 U.S.C. § 1331, because this action arises under laws of the United States; and 28 U.S.C. § 1346, because this action involves the United States as a defendant.   An actual justiciable controversy exists between Plaintiff and Defendant.  The requested relief is proper and appropriate.   5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 706; 28 U.S.C. §§ 2201, 2202.

**VENUE**

5.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because the Center has its principal place of business in the district, and a portion of the responsive records are in the district.  Venue is also proper pursuant to 28 U.S.C. §

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 2

1391(e) because Defendant Forest Service has offices in the district, and a substantial part of the events or omissions giving rise to the claim occurred in the district.

6.     Venue is proper in the Tucson Division because the Center for Biological Diversity is headquartered in Tucson.  LRCiv 77.1(a).

## PARTIES

7.     Plaintiff Center for Biological Diversity ("the Center") is a non-profit corporation headquartered in Tucson, Arizona, with offices in a number of states and Mexico.  The Center works through science, law, and policy to secure a future for all species, great or small, hovering on the brink of extinction.  The Center is actively involved in endangered species and habitat protection issues nationwide, and has more than 63,000 members throughout the United States and the world.

8.     The Center and its members are harmed by the Forest Service's violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full understanding of the activities, priorities, and communications of the Forest Service, including the Forest Service's implementation and oversight of 4FRI and the Rim County proposal.

9.     The Center has staff and members who regularly use and enjoy the national forests that may be adversely affected by 4FRI and the Rim County proposal for a variety of purposes, including hiking, fishing, camping, and photographing scenery and wildlife. The Center's members derive health, aesthetic, recreational, inspirational, spiritual,

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 3

scientific, and educational benefits from their activities on these national forests.  The Center's members intend to continue to use and enjoy these national forests frequently and on an ongoing basis, including specific areas that 4FRI and the Rim Country proposal would adversely affect.

10.     The interests of the Center and its members have been and will continue to be adversely affected if the Forest Service's ongoing violations of FOIA and the APA continue.  These are actual, concrete injuries caused by the Forest Service's violations of FOIA and the APA.  The relief sought will redress the Center and its members' injuries.

11.     Defendant U.S. Forest Service is an agency within the U.S. Department of Agriculture.  The Forest Service is responsible for managing and overseeing the National Forest System.  The Forest Service is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

12.     FOIA's basic purpose is for government transparency.  It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions.  5 U.S.C. § 552(b)(1)-(9).

13.     FOIA imposes strict deadlines on federal agencies.  Within 20 working days of receiving a FOIA request, an agency must determine whether to disclose responsive records and notify the requester of its determination, and it must then make records "promptly" available unless it can establish that certain unusual circumstances

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 4

are present and/or that it may lawfully withhold records, or portions thereof, from

disclosure.  5 U.S.C. § 552(a)(3)(A), (a)(6).  Also within 20 working days, the agency

must inform the requester that it has a right to appeal the agency's determination.  *Id.* §

552(a)(6)(A)(i).

14.     FOIA places the burden on the agency to prove that it may withhold

responsive records from a requester.  5 U.S.C. § 552(a)(4)(B).

15.     Congress has specified limited circumstances in which federal agencies

may obtain more time to make the determination that is required by 5 U.S.C. §

552(a)(6)(A)(i).

16.     First, an agency may toll the 20-working-day deadline to seek additional

information or clarification from a requester, but that tolling period ends when the agency

receives such information or clarification.  5 U.S.C. § 552(a)(6)(A).

17.     Second, an agency may extend the 20-working-day deadline for an

additional 10 working days only by giving a written notice to the requester that sets forth

"unusual circumstances" to justify a deadline extension, and also providing the date by

which the agency expects to make the determination.  5 U.S.C. § 552(a)(6)(B)(i).  To

invoke such "unusual circumstances," the agency must provide the requester with "an

opportunity to limit the scope of the request so that it may be processed within [20

working days] or an opportunity to arrange with the agency an alternative time frame for

processing the request or a modified request."  *Id.* § 552(a)(6)(B)(ii).  In addition, when

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 5

asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

18.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request.  5 U.S.C. § 552(a)(3)(C)-(D).

19.     FOIA requires federal agencies to expeditiously disclose requested records, *see* 5 U.S.C. § 552, and mandates a policy of broad disclosure of government records. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

20.     Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus it created nine categories of exemptions.  5 U.S.C. § 552(b).  These exemptions, however, must be narrowly construed in light of FOIA's objective of disclosure, not secrecy.

21.     United States district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

22.     Alternatively, an agency's response to a FOIA request is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed.  *Id.* § 706(1).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 6

# FACTUAL BACKGROUND

23.     The "Four Forest Restoration Initiative" ("4FRI") is a collaborative, landscape-scale initiative of the Forest Service, with the purpose of restoring fire-adapted ecosystems in the ponderosa pine forests of northern Arizona.  The four national forests within 4FRI are the Kaibab, Coconino, Apache-Sitgreaves, and Tonto National Forests. 4FRI dates back a number of years, and the Center has been extensively involved in the 4FRI process.

24.     The Forest Service is currently planning the second landscape-scale, multi-forest "environmental impact statement" ("EIS") pursuant to 4FRI.  The "Rim County" EIS, which is being prepared pursuant to the National Environmental Policy Act, 42 U.S.C. § 4332, will analyze proposed activities on portions of the Coconino, Apache-Sitgreaves, and Tonto National Forest.  A draft EIS for the Rim County proposal is anticipated in the summer or fall of 2018.

25.     On March 14, 2018, the Center submitted a FOIA request to the Region 3 of the Forest Service (the Southwestern Region), and to the Forest Supervisor offices for the Apache-Sitgreaves, Coconino, Kaibab, and Tonto National Forests.  The Center requested:

> all records, including but not limited to records of internal and external communications, including those of Four Forests Restoration Initiative ("4FRI") Executive Board, 4FRI Chief Executive, and 4FRI Planning/Implementation Team, with parties including but not limited to universities, forest industries, local, state, and federal officials, mentioning, including, and/or referencing Preliminary Alternative 3 "Maximizing Functional Restoration" for the Rim Country

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 7

environmental impact statement ("EIS"), Extended Duration Treatments and/or Extended Duration Restoration.

26.     The Forest Service emailed the Center on March 14, 2018, asking if the Center could identify a "date range" for the March 14th FOIA request.  The Center emailed the Forest Service on March 15, 2018, stating that the Forest Serfvice could use the timeframe "1/1/15 to the date the Forest Service conducts this search" for the March 14th FOIA request.

27.     On March 20, 2018, the Forest Service emailed the Center to state that the March 14th FOIA request had been received, and had been assigned the FOIA request tracking number 2018-FS-R#-030390-F.

28.     On March 20, 2018, the Forest Service sent a second email to the Center to acknowledge receipt of the March 14th FOIA request, which the agency said was received by the Region 3 FOIA office on March 15, 2018.  The Forest Service stated that it was diligently working to process each FOIA request in the order in which it was received. The Forest Service further stated that every attempt would be made to respond to the request within 20 working days from the date of its receipt of the request.

29.     On April 26, 2018, the Center contacted the Forest Service to request a status update and estimated date of completion for its March 14, 2018 FOIA request.

30.     On June 6, 2018, the Center sent a letter to the Forest Service concerning its March 14, 2018 FOIA request.  The Center notified the Forest Service that the Center had not received any records or an estimated completion date for its March 14th request.  The

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 8

Center also notified the Forest Service that the requested records were very time sensitive due to the ongoing Rim County EIS process.  The Center requested that the Forest Service immediately provide an estimated date by which the Center could expect completion of the agency's unlawfully delayed response to its March 14th FOIA request. The Center further notified the Forest Service that legal action would be required if the Forest Service failed to make a prompt determination on the Center's March 14th request.

31.    As of the date of this filing, the Forest Service has not responded to the Center's June 6, 2018 letter.

32.    As of the date of this filing, the Forest Service has not provided any records responsive to the Center's March 14, 2018 FOIA request.

33.    As of the date of this filing, the Forest Service has not provided the Center with a date by which the agency will make a determination on the Center's March 14, 2018 FOIA request.

34.    As of the date of this filing, the Forest Service has not notified the Center of any "unusual circumstances" that would prevent it from complying with FOIA's deadlines for the Center's March 14, 2018 FOIA request.

35.    As of the date of this filing, the Forest Service has not claimed or asserted that the Center's requested records are exempt from disclosure under FOIA.

36.    Upon information and belief, the Forest Service has failed to conduct a search for responsive records to the Center's March 14, 2018 FOIA request.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 9

**FIRST CLAIM FOR RELIEF**

The Forest Service Failed to Comply with FOIA's Mandatory Determination Deadline

37.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

38.     The Center has a statutory right to a lawful final determination from the Forest Service, within the statutory deadline that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i).

39.     The Forest Service has violated FOIA by failing to provide a lawful determination on the Center's March 14, 2018 FOIA request within the statutory deadline.  *Id.*

**SECOND CLAIM FOR RELIEF**

The Forest Service Failed to Conduct an Adequate Search for Responsive Records

40.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

41.     The Center has a statutory right to have the Forest Service process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).

42.     The Forest Service has violated FOIA by failing to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's March 14, 2018 FOIA request.  *Id.*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 10

**THIRD CLAIM FOR RELIEF**

The Forest Service Failed to Promptly Disclose Records Responsive to
the Center's March 14, 2018 FOIA Request

43.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

44.     The Center has a statutory right to the Forest Service's prompt availability and disclosure of the requested records following a determination on its FOIA requests. 5 U.S.C. § 552(a)(3)(A).

45.     The Forest Service has failed to produce the public records that the Center requested, for which there are no applicable FOIA exemptions.

46.     The Forest Service violated FOIA by failing to promptly make available and disclose the records that are responsive to the Center's March 14, 2018 FOIA request.  5 U.S.C. § 552(a)(3)(A).

**FOURTH CLAIM FOR RELIEF**

In the Alternative to Claims 1-3, the Forest Service Unlawfully Withheld and
Unreasonably Delayed Actions That FOIA Requires

47.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

48.     The Forest Service unlawfully withheld required agency action by failing to comply with the mandates of FOIA to: (1) provide a timely determination on the Center's FOIA requests, (2) conduct an adequate search for records that are responsive to the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 11

Center's FOIA requests, and (3) promptly disclose records that are responsive to the Center's FOIA requests.  The Forest Service's failures constitute agency actions that are unlawfully withheld pursuant to the APA, 5 U.S.C. § 706(1).

49.     Alternatively, the Forest Service unreasonably delayed agency action by failing to comply with the mandates of FOIA to: (1) provide a timely determination on the Center's FOIA requests, (2) conduct an adequate search for records that are responsive to the Center's FOIA requests, and (3) promptly disclose records that are responsive to the Center's FOIA requests.  The Forest Service's failures constitute agency action unreasonably delayed pursuant to the APA, 5 U.S.C. § 706(1).

## **RELIEF REQUESTED**

The Center requests that this Court:

A.     Declare that the Forest Service's failure to make a timely determination on the Center's March 14, 2018 FOIA request is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed pursuant to the APA, 5 U.S.C. § 706(1);

B.     Declare that the Forest Service's failures to undertake a search for and promptly disclose to the Center all records that are responsive to the Center's March 14, 2018 FOIA request are unlawful under FOIA, 5 U.S.C. § 552(a)(3), or in the alternative, constitute agency action that has been unlawfully withheld or unreasonably delayed pursuant to the APA, 5 U.S.C. § 706(1);

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 12

C.      Order the Forest Service to promptly provide a determination on the

Center's March 14, 2018 FOIA request as required by FOIA;

D.      Order the Forest Service to promptly conduct a search that is reasonably

calculated to locate all records responsive to the Center's March 14, 2018 FOIA request,

and to provide the Center, by a date certain, with all responsive records;

E.      Award the Center its costs and reasonable attorney fees and expenses

pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E), or the Equal Access to Justice Act, 28 U.S.C.

§ 2412.

F.      Grant such other and further relief to the Center as the Court may deem just

and proper.

DATED: July 10, 2018.                              Respectfully submitted,

                                                   /s/ Marc D. Fink
                                                   Marc D. Fink (MN Bar No. 343407)
                                                   Center for Biological Diversity
                                                   209 East 7th Street
                                                   Duluth, Minnesota 55805
                                                   Phone: 218-464-0539
                                                   Email: mfink@biologicaldiversity.org
                                                   *Applicant Pro Hac Vice*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 13